JUDGMENT

PER CURIAM.
This appeal was considered on the record from the United States Tax Court and on the briefs filed by the parties. See Fed. RApp. P. 34(a)(2); D.C.Cir. Rule 34(j). It is
ORDERED AND ADJUDGED that the decisions of the United States Tax Court entered December 12, 2007, and February 5, 2008, be affirmed. The Tax Court did not clearly err in holding that Mr. Kopty completed a valid rollover of his J.D. Edwards stock to his Norwest Individual Retirement Account in 1998 that satisfied the requirements of 26 U.S.C. § 402(c) (“transfer of a distribution” to eligible retirement plan must be made within 60 days following “the day on which the dis-tributee received the property”). See ASA Investerings Partnership v. Commissioner, 201 F.3d 505, 511 (D.C.Cir.2000) (court of appeals reviews Tax Court’s factual findings and mixed questions of law and fact for clear error). Mr. Kopty elected to treat the contribution as a rollover contribution when he deposited the stock into his IRA account in August 1998, well within 60 days of receiving the stock. See 26 C.F.R. § 1.402(c)-2 (A-13) (taxpayer elects to treat contribution as a rollover contribution, by “designating” to trustee of IRA that the contribution is a “rollover contribution”). Accordingly, the distributions appellants received from that IRA in 1999 and 2000 were taxable in the years of receipt. See 26 U.S.C. 408(d)(1).
Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *334 See Fed. R.App. P. 41(b); D.C.Cir. Rule 41.